UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Raymond Ngankou

            v.                          Civil No. 06-309-JD

United States of America


O R D E R


     This is the second § 2255 petition to be filed by the
petitioner.


Background

     The traverse of the underlying criminal case (02-cr-124-JD)
and the two subsequent § 2255 petitions (04-cv-293-JD and 06-cv-
309-JD) reveals that similar issues have been raised and reviewed
several times.

     On July 17, 2003, pursuant to a plea agreement, the
petitioner entered a plea of guilty to three counts of
distributing cocaine, one count of conspiracy to distribute
cocaine, and one count of possessing cocaine and cocaine base
crack.  As part of the plea agreement, the government and
petitioner agreed on the drug quantities attributable to the
petitioner and the government further agreed that it would not
oppose a two-level reduction in the petitioner's adjusted offense
level under U.S.S.G. § 2D1.1(b)(C) if the probation department

determined that the petitioner qualified for the "safety valve" under U.S.S.G. § 5C1.2.  These agreements were not binding on the court.

The petitioner was thoroughly canvassed by the court pursuant to the requirements of Fed. R. Crim. P. 11(b).  The government made an extensive offer of proof which the petitioner and his counsel accepted without exception.  The court made a finding that the petitioner's plea was knowing and voluntary and supported by a factual basis.

A presentence investigation report was prepared (PSI), under date of October 9, 2003, which calculated the total offense level to be 31, which, with a criminal history category of 1, resulted in a guideline range of 108 to 135 months.  However, because one count carried a mandatory minimum sentence of 10 years, the effective guideline range was 120 to 135 months.  The report found that the petitioner was an organizer, leader, manager or supervisor under U.S.S.G. § 3B1.1(c) and increased the base offense level by 2.  This finding also deprived the petitioner of the "safety valve" protection under U.S.S.G. § 5C1.2.  The petitioner's counsel, in a letter to the probation officer, noted his objection to the 2 level increase for role in the offense and the resulting loss of the "safety valve".

At the sentencing hearing on October 22, 2003, petitioner's counsel #1 stated that they had intended to object to the role enhancement but were not going to pursue that objection at that time.  The government recommended a sentence of 120 months, which was the mandatory minimum, petitioner's counsel #1 concurred, in light of the role enhancement, and the petitioner accepted full responsibility while asking for leniency.  The court imposed a sentence of 120 months and advised the petitioner of his right to appeal.

On August 6, 2004, the petitioner filed his first § 2255 petition (04-cv-293-JD) claiming ineffective assistance of counsel #1 because his attorney did not object to the PSI report, including the role enhancement, did not appeal as directed, and the plea agreement was breached.

The court ordered an evidentiary hearing on whether petitioner had directed his counsel #1 to appeal, and appointed counsel #2 to represent the petitioner at that hearing.  A hearing was held on November 22, 2004, at which petitioner's former counsel #1 testified.  The matter was then continued at petitioner's request.  Counsel #2 filed an addendum to the § 2255 petition which thoroughly explained and examined the basis for the petition.  When the hearing was resumed for oral argument on March 30, 2005, the petitioner and the government were in

agreement that the defendant should be resentenced.  On that same date, the court issued an order vacating the sentence and directing that the petitioner be resentenced.

On April 27, 2005, the resentencing hearing commenced.  A revised PSI, under date of April 20, 2005, had been prepared. However, the guideline applications remained the same as in the original PSI.  Counsel #2 stated that the principal objection to the PSI was the role enhancement and the consequent loss of the safety valve.  Counsel #2 argued against the enhancement and for a guideline range of 70 to 87 months under the safety valve.

Counsel for the government indicated that this issue was discussed with counsel #1 before the first sentencing and that the government's position, made clear at that time, was that if the petitioner objected to the two-level role enhancement the government would produce evidence in support of a four-level enhancement the result of which, if successful, would be a guideline range of 135 to 168 months.  Government counsel then outlined briefly the evidence that would be elicited in support of the four-level adjustment.  Petitioner's counsel #2 objected to an offer of proof by the government and so testimony from a government witness, Eric Beland, was taken.

Following the direct examination of Beland, petitioner's counsel #2 requested a continuance so he could prepare to cross

examine the witness and any other witness the government might call.  Over the government's objection, the court granted the continuance.  The court stated to counsel for the parties that if they wished to pursue the matter fully, the court was prepared to give them the time to do so.  The court noted that based on the evidence it had heard so far, subject to cross-examination, the government had not supported a four-level increase.  However, the court noted that, taking into account the testimony and exhibits, which had not yet been subject to cross examination, along with the petitioner's plea, and the factual proffer at the plea hearing, there was sufficient reliable evidence for the court to determine that a two-level adjustment would be warranted.  The court made it clear that this evaluation of the evidence was subject to any cross examination that would occur.

On August 22, 2005, the resentencing hearing was reopened. Petitioner's counsel #2 informed the court that after much discussion with the petitioner his objection to the PSI was withdrawn and that the parties would jointly recommend a sentence of 120 months.  The government withdrew its request for a four-level role enhancement and pointed out that the case was in the same posture as it was just prior to the first sentencing, with the petitioner withdrawing his objections and agreeing to a 120-month sentence.  Therefore, the government requested the court to

canvass the petitioner on his decision to go forward as

described.  The following colloquy occurred.

    THE COURT:  All right.  Mr. Ngankou, you have just
heard what your counsel has represented to the court,
that you are withdrawing your objection to the
presentence investigation report, and I assume that
that's based on information that was made available to
you and to your counsel.
     Do you understand what is being recommended to the
court?  Do you understand what is being recommended to
the court?

    MR. NGANKOU:  Oh.

    THE COURT:    Yes.  I's addressing you, yes.

    MR. NGANKOU:  Okay.  Can I talk with him?

    MR. SAXE:     Yes.  He wants an answer.

    MR. NGANKOU:  Oh.

    THE COURT:    Do you understand that your objections
to the presentence investigation report are being
withdrawn?  Do you understand that?

    MR. NGANKOU:  Yes, your Honor.

    THE COURT:    And that what is being recommended is a
sentence of 120 months.  Do you understand that?

    MR. NGANKOU:  Yes, your Honor.

    THE COURT:    And the court – the government has
recommended that and your counsel has recommended that.
Do you understand that?

    MR. NGANKOU:  Yes, your Honor.

    THE COURT:    And your objections to the report are
being withdrawn freely and voluntarily; is that
correct?

MR. NGANKOU:    Yes, your Honor.

THE COURT:     All right.  Mr. Saxe, is there anything
further you would like to say?

MR. SAXE:       No, your Honor.

THE COURT:      Mr. Ngankou, is there anything that you
would like to say before sentence is imposed?

MR. NGANKOU:    No, your Honor.

Tr. 8/22/05 pp. 3-5.

The court imposed a sentence of 120 months and advised the
petitioner of his right to appeal.

## Discussion

In this second § 2255 petition, the petitioner claims that
his counsel #2 did not file an appeal of his resentencing as
requested and that he was advised to take the 120-month sentence
offered by the government because the judge was going to agree
with the government before the petitioner presented his case.

The court determined that an evidentiary hearing would be
helpful and the hearing was held On May 24 and 25, 2007.  The
court appointed new counsel #3 to represent the petitioner, and
both the petitioner and his prior counsel #2 testified.

### 1.  The 120-month sentence

When the petitioner was sentenced the first time, the

issue of role enhancement and its effect on the safety valve was a major issue in the case as related in the background section of this order.  It was also an issue in the first § 2255 petition.  Therefore, by the time the second resentencing hearing occurred, the petitioner was very familiar with the issue when it was again raised at that hearing by his counsel #2.

Counsel #2, an experienced federal defender, was confronted with the same situation as counsel #1 when he challenged the role enhancement, namely, the government placed him on notice that it would seek a four-level enhancement.

When counsel #2 asked for a continuance after the direct examination of the first government witness in order to prepare to challenge the enhancement, the request was granted.  The court deemed it appropriate to inform the parties what its view of the evidence was, up to that point, albeit unchallenged by cross-examination, so they could evaluate their positions before the next hearing.  This would allow the parties an opportunity to assess all of the evidence that they anticipated might be introduced on the enhancement issue, including what might be elicited on cross-examination of the government's first witness, and to

review the risks and benefits of pursuing the matter.

Counsel #2, in the exercise of sound professional judgment, ordered a transcript of the April 27, 2005 resentencing hearing and forwarded a copy to the petitioner because he knew it was important for him to understand what occurred at the hearing.  The petitioner, even after prodding from counsel #2, did not review the transcript until approximately some time in July 2005.  Between the first and second resentencing hearing, counsel #2 spoke with the petitioner six times, three times in person at the jail, for a total of 8.3 hours.  Their lengthy conversations involved the role enhancement and counsel #2 was trying to get the petitioner to focus on the issue and to decide what to do.  Characteristically, the petitioner would start talking about other matters and counsel #2 would tell him of the need to make a decision.  Counsel #2 gave him his evaluation of the Beland testimony, noted that subject to rebuttal it was credited by the judge for a two-level but not a four-level role enhancement, that the other witnesses would probably testify consistently with the discovery, and that it was unlikely there would not be a two-level enhancement.  He further opined that if the petitioner were going to convince the judge not to give him the enhancement

he would have to testify which ran the risk of loss of acceptance of responsibility and possible obstruction which would have an effect on the sentence. Counsel #2 told him that the likelihood of a two-level enhancement was high, of no enhancement was small, and that the risk of a four-level enhancement was great.

On August 2, the petitioner called counsel #2 and told him that he would accept the 120-month sentence. It is not without significance that the petitioner called counsel #2 to inform him of his decision. Counsel #2 memorialized their discussions and petitioner's decision in a letter to him dated August 2, 2005 (see defendant's exhibit A). Counsel #2 called the petitioner on August 15, 2005 to confirm his decision and the petitioner did so.

The resentencing hearing resumed on August 22, 2005. Counsel #2 met with the petitioner before the hearing and there was no indication he had changed his mind. It was counsel #2's opinion that the petitioner's decision to waive his objection to the two-level role enhancement was knowing, voluntary, and intelligent. That decision was made by the petitioner after many discussions with counsel #2 and after taking sufficient time to think about it.

When the resentencing hearing resumed on August 22, 2005, counsel #2 informed the court that the objection to the role enhancement was withdrawn and that the parties would jointly recommend a sentence of 120 months.  As previously set forth in detail in the background section, the petitioner was canvassed by the court concerning this decision and the 120-month sentence was imposed.

The court credits the testimony of counsel #2 at the evidentiary hearing held on this petition (May 25, 2007) concerning this issue.  Counsel #2 spent a total of approximately 64 hours on the petitioner's case.  He successfully convinced the government to agree to a resentencing and he thoroughly reviewed the role enhancement issue with the petitioner so that he was in a position to make an informed decision on the matter before resentencing. The court does not credit the petitioner's testimony at the evidentiary hearing (May 24, 2007) on this issue.  As the record of that hearing reflects, the petitioner has been in this country for 28 years and has received a BA and two master's degrees from the University of Lowell (one in mathematics and the other in business administration).  His classes were taught in English.  After graduating he ran several businesses.  While at times during the course of the

various proceedings in this court he has claimed not to understand English, he has readily spoken and testified in English on a regular basis and has, based on the court's observations, understood what has been taking place.  When he did not understand a word or a question to his satisfaction, he has had no problem saying so.

The court finds that the petitioner, after having been thoroughly informed and advised by his counsel#2, fully understood the role enhancement issue and the risks and benefits of pursuing his objection, and that he knowingly, voluntarily and intelligently waived his objection and agreed to a 120-month sentence.  His testimony to the contrary is not credible and his claims of ignorance and confusion are feigned and are attempts to obfuscate the matter.

### 2.  Appeal

In his first § 2255 petition, the petitioner claimed his counsel #1 did not appeal after having been directed to do so.  This is a significant fact because it demonstrates that as a result of what transpired during the course of resolving the first petition, the petitioner was very much aware of his right to appeal a sentence.  In the first §

2255 proceeding, there was an evidentiary hearing on that issue and his first counsel #1 was questioned about it by his second counsel #2 and government counsel in the presence of the petitioner.  In light of what transpired during the first § 2255 proceeding, the court finds that the petitioner was well aware of his right to appeal.  Furthermore, the record reflects, the petitioner was given notice of his right to appeal orally by the court both after his sentencing and resentencing.

Following resentencing, counsel #2 met with the petitioner.  The discussion involved religion, math and how much time he had left to serve.  Counsel did not discuss an appeal and the petitioner did not ask him to appeal and did not express any dissatisfaction with the sentence.  Counsel #2 knew the petitioner was aware of his appeal right because the court had informed him twice orally about it and it was one of the issues raised in the first § 2255 petition involving his first counsel #1.  Counsel #2 noted in his closing file memo that the issue of appeal did not arise in the post resentencing discussion with the petitioner.  The petitioner did not subsequently write or call counsel #2 to say he wanted an appeal.

The court credits the testimony of counsel #2 on this issue and does not credit the petitioner's testimony.  The court finds that the petitioner knew of his right to appeal the sentence, that the appeal had to be taken within 10 days, that he did not ask counsel #2 to file an appeal, that counsel #2 did not discuss appeal with the petitioner after the resentencing, and that the petitioner did not contact counsel #2 or the court at any time to request an appeal.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the United States Supreme Court rejected a bright-line rule that counsel must file an appeal unless a defendant gives instructions to the contrary.  The court stated:

> We instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  In making this determination, courts must take into account all the information counsel knew or should have known.  [Strickland v. Washington, 460 U.S. 668, at 690.] (focusing on the totality of the circumstances).

528 U.S. at 480.

Taking into account all of the information to which counsel #2 was privy as a result of his representation of the petitioner

14

from the first § 2255 petition through the resentencing, the
court finds that counsel #2 did not have a constitutionally
imposed duty to consult with the petitioner about an appeal
because no rational defendant would want to appeal, there being
no nonfrivolous grounds for an appeal, and the petitioner did not
in any way indicate to counsel that he was interested in taking
an appeal.  The court further finds that the petitioner knowingly
and voluntarily gave up his right to appeal.


## Conclusion

Considering all of the circumstances in this case, the court
rules that counsel #2 provided the petitioner with representation
that far exceeded any objective standard of reasonableness.
Strickland v. Washington, 460 U.S. 668 (1984).

Petition dismissed.


SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

July 13, 2007

cc:  Sandra F. Bloomenthal, Esquire
     Aixa Maldonado-Quinones, Esquire
     Robert J. Veiga, Esquire

15